STATE OF MONTANA,
                    Plaintiff,                                    NO. ADC 93-215
            vs.                                                   DECISION
CHARLES A. GRAVELEY,
                    Defendant.

On December 20, 1994, after having been convicted upon his plea of guilty of the offense of Solicitation, a felony, in violation of Sections 45-4-101 and 45-5-102, Montana Code Annotated, occurring December 16, 1993, Defendant Charles A. Graveley was committed to the Montana Department of Corrections for a period of forty years for placement that may include Montana State Prison or other suitable corrections placement. It was the recommendation of the Court that Defendant serve a portion of his sentence in a prison environment. The Department was authorized to award additional good time if deemed appropriate for parole eligibility. Defendant was given credit for 35 days served in the Lewis and Clark County Jail, together with such good time as would have been earned had he been incarcerated in the Montana State Prison. The Court further ordered that when Defendant is not incarcerated he shall be subject to several conditions as stated in the December 20, 1994, judgment, including the conditions that Defendant have no contact with his victim/complainant, any member of her family or any person with whom she may have a romantic interest and that Defendant not enter Lewis and Clark County without permission of his supervising parole or probation officer and then only in the company of another adult. The Court reserved jurisdiction to revise the foregoing sentence if Defendant violates any conditions imposed therein. The Department of Corrections was further authorized to revoke the suspended portion of Defendant's sentence should he violate any conditions thereof. The reasons for the sentence included the protection of the victim as well as society, to provide Defendant an opportunity to return to a productive life and other factors as enumerated by the Court on the record at time of imposing sentence.

On August 16, 1996, the District Court, Judge Ed McLean, the original sentencing judge herein, presiding, issued an Order upon Defendant's motion to modify or amend his sentence wherein the Court concluded that, even though its intended sentence was not being followed by the Department of Corrections, it nevertheless was without jurisdiction to modify or amend its original judgment and order to correct such failure. The Court therefore urged Defendant to file the within application and expressed its hope that its intended sentence would be reflected in the decision resulting therefrom.

On August 23, 1996, Defendant's application for review of his sentence was heard by the Sentence Review Division of the Montana Supreme Court. Defendant was present and was represented by counsel, J.C. Weingartner and Greg Jackson. The State was not represented.

Before hearing the application, Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. Defendant was further advised that there is no appeal from a decision of the Sentence Review Division. Defendant acknowledged that he understood this and stated that he wished to proceed.

As stated in its above referenced Order, the District Court intended, and the transcript of the proceedings therein so verify, that Defendant (1) be under the

supervision of the Department of Corrections for the entire forty year period; (2) be exposed to the prison system for a short period of time, i.e., the reception process; (3) be discharged to a pre-release center; and (4) be returned to the family farm within twelve to fifteen months of the date of sentencing. Although the District Court was assured by representatives of the Department that its judgment would accomplish such intent, the Department's subsequent interpretation thereof has failed to do so and is apparently contrary to what the Court specifically instructed.

In said Order, the District Court also stated that,

If the Court knew then what it does now, and if it were aware that the Department of Corrections will not do what it said it would do, it would have sentenced Defendant to a straight forty year sentence with thirty years suspended, with specific instructions to grant him sufficient good time to allow him to enroll in a pre-release center after he completed the reception process at the Montana State Prison.

Upon consideration of the foregoing, it is the unanimous decision of the Sentence Review Division that the sentence shall be modified so as to effectuate the original intention of the sentencing District Court, as stated both in its above referenced Order and in the transcript of the sentencing hearing. Such modification will incorporate the provisions of the District Court's Order of August 16, 1996, which Order is attached hereto and incorporated herein by this reference. The remainder of the sentence initially imposed upon Defendant is therefore to be suspended upon the filing hereof. All other conditions of probation imposed upon Defendant in the original Judgment shall remain so imposed.

DATED this 23rd day of September, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Wm. Nels Swandal**
**Alternate Member, Hon. Robert Boyd**

The Sentence Review Board wishes to thank attorneys J.C. Weingartner and Greg Jackson for representing the Defendant in this matter.